**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL RAMIREZ-ARELLANO, | No. 15-71805 |
| Petitioner, | Agency No. A200-245-204 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before: SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Raul Ramirez-Arellano, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, and denying his motion for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Ramirez-Arellano did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (proposed social group "returning Mexicans from the United States" lacked particularity). Thus, Ramirez-Arellano's withholding of removal claim fails.

We lack jurisdiction to consider Ramirez-Arellano's contentions regarding asylum, CAT relief, and the IJ's denial of a continuance because he did not raise those contentions to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th

Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

We lack jurisdiction to review the agency's discretionary determination that Ramirez-Arellano did not demonstrate exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (review of any judgment regarding the granting of enumerated relief is barred by 8 U.S.C. § 1252(a)(2)(B)(i)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**